IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | Case No: 4:20CR3068 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | DEFENDANT'S CLOSING |
| vs. | ) | ARGUMENT IN SUPPORT |
| | ) | OF DEFENDANT'S MOTION |
| MATTHEW CARPENTER, | ) | TO DISMISS THE INDICTMENT |
| | ) | |
| Defendant. | ) | |

Matthew Carpenter, ("Carpenter"), the Defendant, by and through his attorney hereby submits the following written closing argument in support of his Motion to Dismiss the Indictment due to the Government's failure to preserve and the destruction of material and potentially exculpatory evidence of drugs in this drug possession case, violating Mr. Carpenter's due process rights and rendering a criminal trial for Mr. Carpenter fundamentally unfair.

**ARGUMENT**

Mr. Carpenter asserts that he has met his burden, and therefore the Indictment against him in this case should be dismissed. The material evidence destroyed in this matter includes all the collected methamphetamine found during the search. Mr. Carpenter asserts that the evidence was destroyed in bad faith while the federal case was pending and while the police department was aware of the pending federal matter. The evidence should have been kept until the conclusion of the federal matter against Mr. Carpenter.

*Approval by County Attorney to Destroy Drugs*

County Attorney, Mike Mefford, testified at the hearing that he no longer needed the evidence for his case, and he appeared indifferent to whether it mattered if any other agency would need the evidence. Mr. Mefford agreed that the evidence was necessary for his case, and further

1

agreed that the Government would also believe the evidence is necessary for its case. Mr. Mefford's testimony was not clear, and he appeared to change his answers regarding when he was made aware of Mr. Carpenter's federal matter. First, Mr. Mefford explained that he is so experienced in the area of state cases going federal that just based on the fact pattern of a case he can guess when a state case will go to federal court. He later testified that he was not for sure if Mr. Carpenter did ever receive a federal indictment. However, he also testified that the state case was dismissed because the federal case was filed, but he didn't know about the federal case until he received an e-mail from the investigator the day he filed the Motion to Dismiss the state case. Then, Mr. Mefford was later corrected when confronted with the evidence he had received an e-mail from the investigator stating the federal indictment was filed four days after the case was dismissed. Jason Garrells, the investigator, testified earlier in the hearing that he knew the state case was dismissed because there had been a federal indictment filed, and he had communicated with Mike Mefford about the indictment.

Mr. Mefford's testimony does not seem accurate, and his story changed too many times. In plaintiff's exhibit #20, Mr. Mefford stated that "I filled out a 'Property Release Form.'" However, during testimony, Mr. Mefford stated someone on his staff filled it out, and he did not even believe it came from his office. Mr. Mefford believed all of those documents were created by Kearney PD only. Yet, earlier in the hearing, Jeff Dowling testified that Mr. Mefford's office created the property release form, and he knew that for certain based on the lack of a user code on the form.

### *Not all of the Property was Destroyed*

One of the most confusing pieces of evidence, also the best supporting evidence for the bad faith destruction of the evidence, is that not all of the evidence in the state case was destroyed. All three witnesses testified regarding the destruction of evidence after a case is a closed. It is destroyed

mainly to free up space in the property room. However, out of the 35 items belonging to Mr. Carpenter's state case, only eleven of those items were marked to be destroyed a mere one month after the dismissal of the state case. Mr. Dowling testified that his office will begin reviewing cases about eighteen months old or older to see if the evidence can be destroyed, but it does not make much sense to review newer cases. Mr. Carpenter's state case had been pending for eight months by the time it was dismissed and nine months when the property release form was provided to Mr. Dowling. Six months later when it was discovered that the property was destroyed, the twenty-four remaining items were still in property, including a tool box, tools, cell phones, and a purse all of which are much larger items than pieces of paper and the small bags of methamphetamine which were destroyed. (See Plaintiff's Exhibit #10).

### *This is the First time This Happened*

Another piece of evidence presented at the hearing that supports a finding of bad faith is that this is the first time this happened. Mr. Mefford testified that he has been a prosecutor for twenty-two years "this time," and this is the first time this has happened. Mr. Dowling has been an evidence technician for fifteen years, and this is the first time for him. Add that to the piecemeal destruction of evidence and confusing testimony from Mr. Mefford, and it is clear that the destruction of the drugs was done in bad faith. Although the Kearney PD did not previously have a system in place to ensure evidence is not prematurely destroyed, this was still the first-time property was destroyed and that in and of itself is suspicious. It would seem to support the assertion that there was previously some sort of standard practice or policy in place to prevent this type of event from happening, which did not occur. Officer Garrels notified Mr. Mefford by e-mail that a federal case was pending against Mr. Carpenter, and still he approved the destruction of evidence a month later.

In *Arizona v. Youngblood,* the United States Supreme Court opined that, "Our decisions in

related areas have stressed the importance for constitutional purposes of good or bad faith on the part of the Government when the claim is based on loss of evidence attributable to the Government." 488 U.S. 51, 57 (1988). Mr. Carpenter asserts that bad faith does not have to mean the act was done for sinister or nefarious reasons, but the carelessness and indifferent attitude of Mr. Mefford regarding the Government's need of the destroyed evidence supports a finding of bad faith.

In *U.S. v. Webster*, an officer in that case testified that, "if he knew the Defendant's case had been moved from Polk County District Court to the United States District Court, that he would not have applied for the order to destroy the drugs related to the case." *U.S. v. Webster*, 497 F.Supp.2d 966, 969 (2007). The Officer would not have destroyed the evidence because he knew that evidence was still important to the federal case, as it is here. The Kearney Police Department, the Buffalo County Attorney's Office, and the Government all knew there was a pending federal case that could still proceed to trial, but the evidence was still destroyed three months after the state case closed.

## CONCLUSION

To only allow the remedy of a dismissal IF the defendant can show the Government acted in bad faith is equivalent to saying that it is perfectly acceptable for the state to make an "oops" mistake when trying to take away a defendant's freedom and liberty. Any destruction or loss of material evidence should not be looked at so lightly. Mr. Carpenter respectfully requests that the Court enter an order dismissing the single count Indictment against Mr. Carpenter with prejudice.

Respectfully Submitted,
Matthew Carpenter, Defendant

By: *s/ Candice C. Wooster*
Candice C. Wooster, #25318
Brennan, Nielsen, & Wooster Law Offices
610 J Street, Suite 200
Lincoln, NE 68508
Phone: 402-441-4848
Fax: 402-441-4840
candice@brennannielsenlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on July 9th, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to AUSA Daniel Packard.

By: *s/ Candice C. Wooster*
Candice C. Wooster, #25318